IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERICA CORNELIUS, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:13-cv-3886-P |
| | § | |
| EBERSTEIN & WITHERITE, LLP, ET AL., | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiffs Erica Cornelius and Julius Jackson have filed a Motion to Compel Deposition of Linda Weir, *see* Dkt. No. 40, which United States District Judge Jorge A. Solis has referred to the undersigned magistrate judge, *see* Dkt. No. 41. Defendants Eberstein & Witherite, LLP, Brian Eberstein, and Amy Witherite have filed a response, *see* Dkt. No. 43, and Plaintiffs have filed a reply, *see* Dkt. No. 45. Plaintiff's motion [Dkt. No. 40] is GRANTED in part and DENIED in part.

## **Background**

On June 29, 2014, the Court denied Defendants' Consolidated 12(b)(6) Motion for Partial Dismissal pursuant to the Texas anti-SLAPP statute. *See* Dkt. No. 28. On July 2, 2014, Defendant Brian Eberstein filed a Notice of Interlocutory Appeal, appealing the Court's denial of his motion. *See* Dkt. No. 29. Defendants then filed a Motion to Stay Discovery Pending the Interlocutory Appeal, *see* Dkt. No. 31, which the Court granted in part on August 21, 2014, staying discovery relating to Plaintiffs'

1

defamation claims and denying Defendants' motion to stay on Plaintiffs' remaining claims. *See* Dkt. No. 38.

The Court also previously, on June 18, 2014, required the parties to confer and submit a joint proposal for, among other things, a proposed plan and schedule for discovery, including a time limit to complete discovery and a proposal for limitations, if any, to be placed upon discovery. *See* Dkt. No. 27. The parties filed their Joint Status Report, including a Joint Proposal for Contents of Scheduling and Discovery Order, on July 18, 2014. *See* Dkt. No. 34. On August 21, 2014, the Court issued its Scheduling Order, requiring that "[a]ll discovery procedures shall be initiated in time to complete discovery by **May 20, 2015**." Dkt. No. 39 at 1.

The parties have now exchanged written discovery requests, and Plaintiffs have asked for the deposition of Eberstein & Witherite employee and Human Resources Manager, Linda Weir, whom both Plaintiffs and Defendants characterize as a central or material fact witness in this case. Defendants objected to Plaintiffs' request's timing, and Plaintiffs filed this motion to compel Defendants to produce Ms. Weir for deposition. *See* Dkt. No. 40.

In support of their motion, Plaintiffs assert that the Federal Rules of Civil Procedure specifically provide that methods of discovery may be used in any sequence and that discovery by one party does not require any other party to delay its discovery. *See id.* at 2. Plaintiffs further assert that "[t]he refusal of defendant Eberstein & Witherite, LLP's to offer deposition dates for Linda Weir until written discovery has concluded is completely unjustified, particularly in light of the offer to produce all

2

documents to be used as exhibits before Linda Weir's deposition" and "accordingly request that defendant be ordered to pay plaintiffs' reasonable expenses incurred in preparing and presenting this Motion, including attorney's fees." *Id.* at 4.

In opposition, Defendants respond that all that they "oppose is being forced to produce witnesses for deposition when they are trying to answer *157* written discovery requests propounded by the Plaintiffs," where "[t]he parties agreed, under the Joint Status report, that discovery would be conducted under a 'three phase' plan, with written discovery occurring first," and where "[n]o documents have been produced, but discovery requests are outstanding and yet to be answered." Dkt. No. 43 at 1 (emphasis in original). Defendants report that they "made a reasonable proposal, which is to produce [Ms. Weir] for deposition in late October to mid-November so that written discovery can be completed." *Id.* Defendants report that they offered to go to mediation with Judge Jeff Kaplan now but that, "[i]f discovery is going to proceed on the merits – without mediation occurring 'early' and as agreed – the Defendants need all documents responsive to their pending discovery requests in order to prepare for the oral discovery." *Id.* at 2. Defendants also argue that an award of attorneys' fees and costs is not justified under Federal Rule of Civil Procedure 37(a)(5) or 37(b) because Plaintiffs did not, as required by Local Civil Rule 7.1, confer with Defendants on an award of fees before filing their motion to compel, because Defendants' objection was substantially justified, and because Defendants have violated no court order in objecting to producing Ms. Weir for deposition at this time.

Plaintiffs reply that, "[b]ecause plaintiffs reasonably offered to produce in

3

advance any document plaintiffs intend to use as deposition exhibits with [Ms. Weir's] deposition, defendant's argument that plaintiffs are attempting to conduct deposition by ambush is wholly unfounded and amounts to nothing more than another delay tactic." Dkt. No. 45 at 1. Plaintiffs further reply that "[t]he fact the defendant prefers to complete written discovery first does not justify Eberstein & Witherite, LLP's refusal to produce Linda Weir for deposition before plaintiffs' responses to written discovery are due" and that, "[b]ecause defendant has not moved to sequence methods of discovery or shown that such sequencing is necessary for the parties' and witnesses' convenience or that it is in the interests of justice, plaintiffs' motion to compel should be granted." *Id.* at 3.

## Legal Standards and Analysis

Federal Rule of Civil Procedure 26(d) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order," and that, once discovery is authorized by rule, stipulation, or court order or because the parties have conferred as Rule 26(f) required, "[u]nless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery." FED. R. CIV. P. 26(d)(1)-(2).

Rule 26(d) generally governs the sequencing of discovery unless the Court enters a protective order under Federal Rule of Civil Procedure 26(c) or another order

4

governing the sequence of conducting discovery under Federal Rule of Civil Procedure 16(b) or 26(d) or the parties make a stipulation under Federal Rule of Civil Procedure 29. Rule 29 provides that, "[u]nless the court orders otherwise, the parties may stipulate that: (a) a deposition may be taken before any person, at any time or place, on any notice, and in the manner specified – in which event it may be used in the same way as any other deposition; and (b) other procedures governing or limiting discovery be modified – but a stipulation extending the time for any form of discovery must have court approval if it would interfere with the time set for completing discovery, for hearing a motion, or for trial." FED. R. CIV. P. 29(a)-(b).

Other than staying discovery relating to Plaintiffs' defamation claims, the Court's only order governing discovery provides that all discovery procedures must be initiated in time to complete discovery by May 20, 2015. *See* Dkt. Nos. 38 & 39. Rule 26(d)(2) therefore dictates that methods of discovery may be used in any sequence and that discovery by one party does not require any other party to delay its discovery, unless the parties have stipulated otherwise or the Court enters an order dictating otherwise for the parties' and witnesses' convenience and in the interests of justice. *See* FED. R. CIV. P. 26(d)(1)-(2).

Defendants' primary response to Plaintiff's motion to compel Ms. Weir's deposition is that the parties did stipulate otherwise in their July 18, 2014 Joint Status Report [Dkt. No. 34]. Judge Solis did not adopt the parties' proposal regarding discovery in the Court's Scheduling Order. That order did not even adopt the parties' proposed discovery deadlines. *Compare* Dkt. No. 34 at 3, *with* Dkt. No. 39 at 1.

5

Regardless, even if the parties' agreements reflected in their Joint Status Report are binding stipulations under Rule 29, the Court does not find that Plaintiffs' request to take Ms. Weir's deposition now is inconsistent with those agreements.

The parties agreed, in relevant part, as follows:

- "The parties are agreeable to an early mediation with Judge Jeff Kaplan in an attempt to further the resolution process."

- "The parties intend to proceed with discovery in three phases: exchange written discovery requests and responses; depositions of fact witnesses; and identification and deposition of expert witnesses. The parties recognize, however, that some overlap and reordering of these phases may occur and seek to work together to ensure completion of all fact and expert discovery within the schedule proposed herein."

- "The parties propose to conduct discovery in the phases set forth ... above. Specifically, the parties propose serving document requests and interrogatories within 30 days of the date of the Court's Scheduling Order; responding to document requests and interrogatories within 30 days thereafter; conducting fact witnesses depositions in late August through December 2014; and, conducting expert depositions in February and March 2015, extending into April 2015 if necessary."

Dkt. No. 34 at 1-3. The Joint Status Report also reported that "Defendants prefer to mediate this case earlier in the litigation." *Id.* at 4.

Defendants contend that their "proposal that written discovery be completed before oral depositions occur is what the parties agreed to in the Joint Status report." Dkt. No. 43 at 7. But the Joint Status Report, by its own terms, contemplates that "some overlap and reordering of [the proposed discovery] phases may occur" and contemplates that fact witness depositions may be conducted as early as late August 2014, which reflects that the parties understood, when filing the Joint Status Report in mid-July 2014, that written discovery – to be completed by as late as 60 days after

6

the date of the Court's scheduling order – may not be completed before the first fact witness depositions. Dkt. No. 34 at 2-3.

Defendants further assert that "Plaintiffs' Counsel is not reasonably working together as the agreement requires." Dkt. No. 43 at 4. Defendants contend that "[i]t is unfair for the Defendants to be forced to produce a material witness for deposition *when no documents* have been produced" and that Defendants "need time to answer the written discovery and asking the Defendants to prepare Weir for deposition during the limited window when they have to answer 157 discovery requests is unreasonable." *Id.* at 7 (emphasis in original). Defendants "oppose being forced to produce a material witness for deposition without the benefit of any written discovery and it is unfair to ask the Defendants to hope they are not 'ambushed' at the deposition when they are not armed with even rudimentary information about the claims." *Id.* at 7-8. Defendants note that "Plaintiffs have already objected to basic discovery including a request for the Plaintiffs' employment records" and argue that, "[a]t the very least, those records are needed to evaluate the Plaintiffs' lost wage claim." *Id.* at 5.

At bottom, Defendants contend that they "simply want a healthy exchange of documents before witnesses are deposed" and that they "made a reasonable proposal" to "agree to produce [Ms. Weir] in late October or in mid-November after written discovery is complete." *Id.* at 5, 6. But, absent a court order providing otherwise or a binding stipulation that prevents a deposition from being conducted before Plaintiffs respond to Defendants' discovery requests, Rule 26(d)(2) dictates that Plaintiffs may seek Ms. Weir's deposition now where methods of discovery may be used in any

sequence and where Defendants' discovery to Plaintiffs do not require Plaintiffs to delay their discovery from Defendants. *See Southern Filter Media, LLC v. Halter*, Civ. A. No. 13-116-JJB-RLB, 2014 WL 715727, at *3 (M.D. La. Feb. 21, 2014).

Defendants have not specifically moved for a protective order against the deposition on the basis of "annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). And, if Defendants seek an order requiring completion of written discovery before any deposition "for the parties' and witnesses' convenience and in the interests of justice," FED. R. CIV. P. 26(d)(2), they have not made the necessary showing.

While the parties agree that Ms. Weir is a central or material fact witness, Defendants have not explained why Ms. Weir cannot sit for her deposition and Defendants' counsel cannot prepare her to answer questions about relevant facts without having received any documents from Plaintiffs. *See Canales v. ALM Media, LLC*, No. A-12-CV-1036-LY, 2014 WL 2807673, at *1 (W.D. Tex. June 20, 2014); *Southern Filter Media*, 2014 WL 715727, at *3. Neither have Defendants explained why Plaintiffs' employment records and any corresponding evaluation of Plaintiffs' lost wage claim are necessary to prepare Ms. Weir for her deposition as a fact witness.

Defendants also offer no specific support or evidence for their assertion that asking Defendants' counsel to prepare Weir for deposition during the limited window in which they have to answer Plaintiffs' discovery requests is unreasonable. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005) (a party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive

8

by submitting affidavits or offering evidence revealing the nature of the burden).

And the Court agrees with Plaintiffs that Plaintiffs' offer to produce in advance any document Plaintiffs intend to use as deposition exhibits at Ms. Weir's deposition sufficiently addresses Defendants' concern that Plaintiffs are attempting to conduct deposition by ambush and Defendants' complaint that Plaintiffs' counsel is not reasonably working together as the Joint Status Report contemplates.

At the same time, the Court finds that ordering an award of Plaintiffs' expenses in making their motion to compel is not warranted here under Rule 37(a)(5) or 37(b). Although the Court disagrees with Defendants' arguments, Defendants' objection that led Plaintiffs to move to compel was, under all the circumstances, substantially justified within the meaning of Rule 37(a)(5) and was not a violation of any court order to provide or permit discovery for which sanctions should be awarded.

## Conclusion

Plaintiffs' Motion to Compel Deposition of Linda Weir [Dkt. No. 40] is GRANTED in part and DENIED in part.

Defendant Eberstein & Witherite, LLP's fact witness Linda Weir is ORDERED to appear for deposition on a mutually agreeable date by no later than **October 3, 2014**.

Plaintiffs' request for an order requiring Defendant Eberstein & Witherite, LLP to pay Plaintiffs' reasonable expenses incurred in preparing and presenting their motion to compel is DENIED.

SO ORDERED.

DATED: September 19, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE